IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIKKI L. O'NEILL, TIMOTHY P. O'NEILL, JONATHAN P. O'NEILL, by his Mother and Next Friend, NIKKI L. O'NEILL, and LAUREN R. O'NEILL, by her Mother and Next Friend, NIKKI L. O'NEILL, <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES J. POINTER and SCHNUCKS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 09-704-GPM ) ) ) ) ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the notice of removal in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Fuller v. A.W. Chesterton, Inc.*, Civil No. 09-675-GPM, 2009 WL 2855368, at *1 (S.D. Ill. Sept. 3, 2009). Plaintiffs Nikki L. O'Neill and Timothy P. O'Neill bring this action against Defendant James J. Pointer in connection with an automobile accident allegedly caused by Pointer while he was driving under the influence of alcohol; additionally, Nikki O'Neill asserts negligence claims against Pointer on behalf of her minor children Jonathan P. O'Neill and Lauren R. O'Neill. The complaint also asserts a claim for relief against Defendant Schnucks under the Illinois Dram Shop Act, 235 ILCS 5/6-21(a). The case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed by Schnucks to this Court in federal diversity jurisdiction.

For a federal court to exercise jurisdiction in diversity, of course, there must be complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, must be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007). Schnucks, as the removing Defendant, bears the burden of proof as to the existence of federal subject matter jurisdiction in this case. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007).

Turning then to an examination of the allegations of federal subject matter jurisdiction contained in Schnucks's notice of removal, it appears from the notice of removal and the record of the case that the jurisdictional amount in controversy is satisfied, given that all four Plaintiffs each allege severe and permanent personal injuries. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1066 (S.D. Ill. 2006); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at **3-5 (S.D. Ill. June 30, 2006). However, Schnucks has failed properly to allege complete diversity of citizenship. Schnucks alleges that Nikki O'Neill, Timothy O'Neill, Jonathan O'Neill, and Lauren O'Neill are residents of Illinois. *See* Doc. 2 ¶ 3. In order properly to invoke the Court's diversity jurisdiction, Schnucks must allege that the O'Neills are citizens, not residents, of Illinois, meaning that they are

physically present in Illinois with an intent to remain there indefinitely. *See Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).[1] Additionally, Schnucks's jurisdictional allegations with respect to the citizenship of the O'Neills and Pointer are made "[u]pon reasonable information and belief[.]" Doc. 2 ¶ 3, ¶ 4. Jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court. *See B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 (S.D. Ill. June 29, 2009). Accordingly, Schnucks must amend its notice of removal to allege that the O'Neills are citizens, not residents, of Illinois, and to omit any reference to information and belief from the jurisdictional allegations of the notice of removal in this case.

As a final matter, the Court notes that it appears the removal of this case is procedurally defective. As a general rule, all defendants in a case who are properly joined and served at the time the case is removed must join in or consent to the removal. *See Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *6 (S.D. Ill. May 18, 2006). Here it appears that Pointer has been properly joined and served, but he has not joined in or consented to the removal of this case. The Court will direct counsel for the O'Neills to file either a consent to the removal of this case or a motion for remand of the case to state court based upon Pointer's failure to join in or consent to removal. *See Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at **3-4 (S.D. Ill. May 19, 2009) (citing *In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994)); *Locklear Elec. v. My Overhead Corp.*, Civil No. 07-788-GPM, 2007 WL 4225732, at *5 (S.D. Ill. Nov. 26, 2007).

---

1. Schnucks properly alleges that Pointer is a citizen of Missouri. *See* Doc. 2 ¶ 4. Also, Schnucks properly alleges that it is a corporation organized under Missouri law with its principal place of business in Missouri. *See id*. *See also* 28 U.S.C. § 1332(c)(1).

To conclude, Schnucks is **ORDERED** to file an amended notice of removal alleging that the O'Neills are citizens, not residents, of Illinois, and omitting any reference to information and belief from the jurisdictional allegations of the notice of removal not later than 12:00 p.m. on Friday, October 2, 2009.  Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).  Additionally, counsel for the O'Neills is **ORDERED** to file either a consent to the removal of this case or a motion for remand of the case to state court based on Pointer's failure to join in or consent to the removal of the case not later than 12:00 p.m. on Friday, October 2, 2009.

**IT IS SO ORDERED.**

DATED:  September 25, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge