## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIKKI L. O'NEILL, TIMOTHY P. O'NEILL, JONATHAN P. O'NEILL, by his Mother and Next Friend, NIKKI L. O'NEILL, and LAUREN R. O'NEILL, by her Mother and Next Friend, NIKKI L. O'NEILL, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| JAMES J. POINTER and SCHNUCKS, | ) ) ) |
| Defendants. | ) |

CIVIL NO. 09-704-GPM

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

On September 25, 2009, the Court reviewed sua sponte the allegations of federal subject matter jurisdiction in diversity contained in the notice of removal in this cause and directed Defendant Schnucks to file an amended notice of removal that properly alleges that Plaintiffs Nikki L. O'Neill, Timothy P. O'Neill, Jonathan P. O'Neill, and Lauren R. O'Neill are citizens, not residents, of Illinois and that omits any reference to "information and belief" as the basis for Schnucks's jurisdictional allegations. *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at **1-2 (S.D. Ill. Sept. 25, 2009). The Court noted also that it appeared from the notice of removal that Defendant James J. Pointer has not given timely consent to Schnucks's removal of the case and ordered counsel for the O'Neills to file either a consent to the removal or a motion for remand of the case to state court based on Pointer's failure to consent to the removal. *See id*. at *2. Schnucks now has filed an amended notice of removal (Doc. 7).

Counsel for the O'Neills has filed a motion for remand of this case to state court on the grounds that the jurisdictional amount in controversy for diversity purposes is not satisfied in this case (Doc. 8).

Turning first to Schnucks's amended notice of removal, in the amended notice Schnucks now alleges properly that the O'Neills are citizens, not residents, of Illinois. However, despite the Court's express instructions, Schnucks continues to allege jurisdictional facts regarding the citizenship of the O'Neills and Pointer for diversity purposes on the basis of "information and belief." Doc. 7 ¶¶ 3-4. This is not acceptable, and warrants immediate remand of this case to state court. Where, as here, "the court reminded the parties of the need to establish complete diversity of citizenship," yet "[d]espite receiving express directions about what they had to do, [the parties] did not do it," remand is the appropriate course. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073, 1074 (7th Cir. 1992). "At some point the train of opportunities [to establish subject matter jurisdiction] ends." *Id*. at 1074. Quite simply, "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). *See also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (noting that it is regrettable when "litigants' insouciance toward the requirements of federal jurisdiction . . . cause[s] a waste of time and money," but holding that termination of a lawsuit is the proper course when a party invoking federal subject matter jurisdiction ignores the duty to establish that jurisdiction); *Crumer v. Target Corp*., Civil

No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007) (noting that the case previously had been remanded by the Court by reason of the removing defendant's failure to file an amended notice of removal properly alleging federal subject matter jurisdiction in diversity as ordered by the Court); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007) (remanding a case to state court because of the removing defendant's failure to file an amended notice of removal properly alleging federal subject matter jurisdiction in diversity as ordered by the Court).

As an additional ground for remand of this case, there is the matter of Pointer's failure to join in or consent to the removal of this case. *See* Doc. 7 ¶ 16. As a general rule, of course, all defendants in a case who are properly joined and served at the time the case is removed must join in or consent to the removal. *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *3 (S.D. Ill. Nov. 14, 2007); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1060-61 (S.D. Ill. 2006); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *6 (S.D. Ill. May 18, 2006). The Court notes that it is not absolutely clear from the record that Pointer in fact has been served; the state-court record of the case attached to Schnucks's operative notice of removal does not contain, for example, a return of service for Pointer. However, this may be an oversight by Schnucks's counsel, *see Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 n.3 (S.D. Ill. May 19, 2009), and, in any event, the Court must resolve all doubts about whether the procedural requirements for removal have been satisfied in this case in favor of remand. *See Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457,

at *2 (S.D. Ill. June 30, 2006) (quoting *Ortiz v. General Motors Acceptance Corp.*, 583 F. Supp.

526, 529 (N.D. Ill. 1984)) ("[A] defendant seeking removal must strictly comply with all the

statutory requirements, and where there is doubt as to whether the requirements have been satisfied,

the case should be remanded."). Thus, Pointer's failure to join in or consent to the removal of this

case warrants remand of the case to state court.[1]

      As a final basis for remanding this case, there is the fact that, as is shown by the O'Neills'

motion for remand of this case to state court, none of the O'Neills has a claim against Schnucks that

exceeds the jurisdictional minimum amount for diversity purposes. In general, of course, for a court

to exercise federal subject matter jurisdiction in diversity, a claim must be worth more than $75,000,

exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Doles v. Johnson & Johnson*, Civil

No. 09-862-GPM, 2009 WL 3349806, at *1 (S.D. Ill. Oct. 19, 2009); *Bancroft v. Bayer Corp.*, Civil

No. 09-787-GPM, 2009 WL 3156706, at *1 (S.D. Ill. Sept. 29, 2009). The amount in controversy

in a given case is determined normally from the allegations of a plaintiff's complaint, and the claims

of multiple plaintiffs against a single defendant cannot be aggregated to satisfy the jurisdictional

minimum amount for diversity purposes. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567

F.3d 839, 844 (7th Cir. 2009); *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711

---

1.     The Court notes that, although counsel for the O'Neills was directed in the Court's
September 25 order in this case to file either a consent to removal or a motion for remand of this case
based on Pointer's failure to join in or consent to removal of the case, the O'Neills' counsel has
moved for remand on grounds of lack of subject matter jurisdiction rather than a procedural defect
in the removal of the case. This does not, however, preclude the Court from remanding this case on
the basis of Pointer's failure to join in or consent to removal of the case. *See Velchez v. Carnival
Corp.*, 331 F.3d 1207, 1209-10 (11th Cir. 2003) (citing *In re Continental Cas. Co.*, 29 F.3d 292, 295
(7th Cir. 1994)) (where a plaintiff has filed a timely motion for remand of a case, thus manifesting
non-consent to the removal of the case, a court may remand the case on the basis of any procedural
defect in removal that is apparent from the record of the case).

(7th Cir. 2007); *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM,

Civ. 05-10008-GPM, 2006 WL 2818773, at *6 (S.D. Ill. Sept. 27, 2006). Once a removing

defendant has established the required amount in controversy, the plaintiff can defeat jurisdiction

only if it is legally certain that the plaintiff's recovery will be less than the jurisdictional minimum

amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Meridian Sec. Ins. Co. v.

Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Here Timothy O'Neill has given an affidavit stating

that he does not claim damages in excess of $75,000, and Nikki O'Neill has given an affidavit stating

that the damages claimed by her and by Jonathan O'Neill and Lauren O'Neill do not exceed $75,000,

*see* Doc. 8 at 13-14, but the Court has not considered these post-removal affidavits in evaluating the

amount in controversy in this case. *See St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S.

283, 293-94 (1938); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006);

*Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Chase v. Shop 'N Save

Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d

364, 367 (7th Cir. 1993); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Nonetheless, there

appears to be no dispute among the parties that the liability of Schnucks to each of the O'Neills

under the Illinois Dram Shop Act, 235 ILCS 5/6-21(a), is capped at $58,599.59, according to dram

shop liability limits fixed by the Comptroller of the State of Illinois that are available online at

http://www.ioc.state.il.us/ioc-pdf/Dram_Shop_Liability_2003-2009.pdf and that the Court can

judicially notice. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court

can judicially notice public records maintained online by state agencies). Because the O'Neills'

claims against Schnucks do not satisfy the amount in controversy requirement for the exercise of

diversity jurisdiction, this case must be remanded.

To conclude, the O'Neills' motion for remand of this case to state court (Doc. 8) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction and by reason of Pointer's failure to join in or consent to the removal of this case.

**IT IS SO ORDERED.**

DATED:  October 26, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge